City of Frankfort v. Gaines & Co.

CASE 9—PETITION EQUITY—DECEMBER 18.

# City of Frankfort v. Gaines & Co.

## APPEAL FROM FRANKLIN CIRCUIT COURT.

1. MUNICIPAL TAXATION—TAXATION OF WHISKY OF UNKNOWN OWNERS —While whisky in the possession of distillers belonging to non-residents of the State, or other persons whose names are unknown to the assessing officer, may, for purposes of State taxation, be properly assessed against the distillers having the possession, it can not be so assessed for city taxation where no authority is given the city by its charter to cause property to be listed by, or taxes to be collected from, any other person than the owner. And, as no such authority is conferred upon the city of Frankfort by its charter, appellees, distillers, are not responsible to the city for taxes on whisky which was no longer owned by them when it was assessed as their property, although still in their bonded warehouses.

2. SAME—A license tax paid by appellees to the city on their business as wholesale liquor merchants was not a discharge of taxes on whisky in their bonded warehouses, owned by them, as their business as wholesale liquor merchants was entirely distinct from that of manufacturing whisky.

GEO. C. DRANE FOR CITY OF FRANKFORT.

1. Courts of equity will not enjoin the collection of a tax upon the mere ground of irregularity in the assessment. (Rennick v. Curry, 3 Ky. Law Rep., 156; note to Holland v. Mayor, &c., of Baltimore, 69 Am. Dec., 198; City of Delphi, &c., v. Bowen, 61 Ind., 33; Dean v. Gleason, 16 Wis., 19; Christie v. Malden, 23 W. Va., 667; Ryan v. Leavenworth Co. Com'rs, 30 Kan., 185; Wabash, St. L. & P. R. R. Co. v. Johnson, 108 Ill.; 20 Am. Law Rep. N. S., p. 3; Hilliard on Injunctions, pp. 508, 516, 517; Desty on Taxation, vol. 2, pp. 676, 1418.)

2. There is no authority in the charter of the city of Frankfort for a license to a merchant pursuing the usual business of buying and selling goods, wares and merchandise, &c. It is the property commonly known as a *store*, and not the *privilege* to pursue the business of a merchant, that is meant to be taxed by the charter provision under which appellees claim to have obtained their license. But whether it be a privilege licensed or property taxed, the particular business licensed or taxed must be confined to a particular house or store, and only the goods contained in that store are exempt from other taxation.

City of Frankfort v. Gaines & Co.

The terms "store" and "merchant" defined. (Bouvier's Law
Dict.; Jacobs' Law Dict.; 3 Mon., 334; 6 J. J. Mar., 544; Norris
Bros. v. Commonwealth, 27 Pa. St., 494.)

3. Whisky owned by non-residents and stored in the warehouse of ap-
pellees, within the limits of the city of Frankfort, is subject to tax-
ation by said city. (Desty on Taxation, vol. —, p. 324; Dillon
on Munic. Corp., section 625; Board v. Standard Oil Co., 103 Ind.;
Burlington Lumber Co. v. Willetts, 118 Ill.; Duer v. Small, 17
How. Pr., 201; People v. Niles, 35 Cal., 282; Oakland v. Whip-
ple, 39 Cal., 112; McCutcheon v. Rice, 7 Fed. Rep., 558; Har-
desty v. Fleming, 57 Texas, 395; Rieman v. Shepard, &c., 27 Ind.,
292; Coe v. Errol, U. S. Sup. Ct., Oct. Term, 1885.)

4. The whisky of the non-resident owners was properly listed to ap-
pellees, the possessors. (Commonwealth v. Gaines & Co., 80 Ky.,
489.)

It has been the law of this State, from the beginning of its ex-
istence as a State, that the *possessor* of property should list it for
taxation and pay the tax imposed upon it. (2 M. & B., p. 1385.)

JOHN L. SCOTT FOR APPELLANT STEPHENS, TAX-COLLECTOR.

1. The whisky of non-resident owners sought to be taxed in this case is
"employed" in the city of Frankfort within the meaning of the
provision of the city charter, specifying what property may be
taxed, and is therefore subject to municipal taxation. (Schlesinger
v. Reard, U. S. Sup. Ct., Jan. 31, 1887; Board v. Standard Oil Co.,
Am. Law Reg., Dec. No., 1886, p. 287.)

2. Whisky is property, and no power exists, either in the Legislature or
the city council, to exempt it from bearing its share of the common
burden. (Lancaster v. Clayton, 9 Ky. Law Rep., 612.)

D. W. LINDSEY, FOR APPELLEES.

1. The whisky of non-resident owners was not assessable for taxation by
the city of Frankfort, because it was not "employed" in said city.
(Act of March 16, 1869, section 13; act of January 6, 1882; City
of Louisville v. Sherley, &c., 80 Ky., 71.)

2. If assessable, it was not assessable against the appellees, because it
was not property "belonging" to them.

3. The license tax paid by appellees for the privilege of carrying on
their business exempts from taxation the goods handled by them
in their business. (Bamberger, Bloom & Co. v. City of Louis-
ville, 82 Ky., 337; Livingston v. City of Paducah, 80 Ky., 665.)

4. When the Legislature grants to another tribunal the power to tax, it
can only be exercised in strict conformity to the terms in which the
power is granted, and a material departure will be fatal to the
attempt to exercise it. (Campbell v. Taylor, 8 Bush, 208; B. G.

& M. R. R. v. Warren County Court, 10 Bush, 724; Dillon on Mun. Corp., 104.)

5. A court of equity has the power to restrain the collection of an illegal tax. (Gates v. Barrett, 79 Ky., 295; Trigg v. Trustees of Glasgow, 2 Bush, 594.)

W. LINDSAY AND A. DUVALL OF COUNSEL ON SAME SIDE.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

W. A. Gaines & Co. instituted this action to enjoin the Board of Councilmen of the city of Frankfort from taxing, for municipal purposes, any part of twenty-seven thousand barrels of whisky assessed as the property of that firm for the year 1884, at the value of two hundred and sixteen thousand dollars, or of twenty-six thousand eight hundred and eighty-nine barrels assessed in the same way for the year 1885, at two hundred and fifteen thousand dollars, and also the marshal and collector of the city from selling their property levied on to pay such taxes; and judgment having been rendered, perpetuating the injunction as prayed for in the petition, the defendants have brought this appeal.

It appears that W. A. Gaines & Co., previous to and during the years named, owned and operated within the corporate limits of Frankfort, a very large distillery, connected with and contiguous to which, as required by law of Congress, are bonded warehouses for storing the whisky manufactured until the taxes due the United States government are paid. The evidence in this case shows, however, that of the twenty-seven thousand barrels in the warehouses January 10, 1884, all except four thousand five hundred and two barrels had been sold, and of the twenty-six thousand eight hun-

dred and eighty-nine barrels there, January 10, 1885, all but six thousand eight hundred and fifty-two barrels had been sold. But though it appears, from the evidence, the purchasers of the whisky are non-residents of Frankfort, it is not shown by the assessor's book, nor does anyone for the firm undertake to state who the owners of any part of the whisky sold were at either date mentioned, and it is probable, as the warehouse receipts evidencing ownership are assignable, the fact can not be readily ascertained.

By an act passed in 1882, the city council of Frankfort was authorized to cause all stores, groceries and business houses within said city to be classified, and to tax each wholesale store, not exceeding two hundred and fifty dollars; provided, that goods in such stores so taxed, according to their class, shall not be valued and included in the assessment of property for taxation in said city.

It appears that W. A. Gaines & Co. own and occupy a storehouse in a ward of the city different from the one in which are the distillery and warehouse buildings, where, as shown by the license issued to them, they carry on the business of wholesale liquor merchants; and, because a license tax of two hundred and fifty dollars was paid by them on that business each of the years named, it is contended the board of councilmen is precluded from collecting an *ad valorem* tax on the whisky manufactured at the distillery and stored in the adjacent bonded warehouses.

It is to us clear that, in fact as well as in contemplation of the statute, the business of wholesale liquor merchants, as carried on by the firm of W. A. Gaines

& Co., is entirely distinct from that of manufacturing whisky. The evidence is, there is never at one time more than one hundred barrels of whisky in the storehouse; and it does not follow that any part of even that comparatively small quantity was manufactured at the distillery in Frankfort, nor would it be either practicable or lawful to remove any of it from the warehouses to the storehouse before payment of the internal revenue tax, which may be delayed three years, though any or all of it may be sold without such removal. It would, therefore, be unreasonable and unjust to treat the payment of a license tax of two hundred and fifty dollars on the business of wholesale liquor merchants as a full discharge of taxes due under the city charter on nearly one-quarter of a million dollars in value of whisky annually manufactured at the distillery, and shipped from the bonded warehouses to purchasers without ever being in the storehouse.

Whether the whisky in question, or any part of it, is subject to the taxation attempted to be imposed by the Board of Councilmen depends upon the meaning of section 13, of the city charter, passed March 16, 1869, as follows: "That the Board of Councilmen shall have power to assess annually, levy and collect, a tax not exceeding two dollars and fifty cents. on the one hundred dollars' worth of property, exclusive of the school tax and tax authorized to pay principal and interest of the bonds of the city issued for school purposes, on all real estate within the limits of said city, and all bank stocks, bridge stocks, manufacturing stocks, or any other kind of stocks, money,

notes or bonds of cities, towns, corporations or States, ·choses in action, and all personal estate of every kind, not exempt by law from execution, belonging to the citizens of the city of Frankfort, and *any capital or other property belonging to any other corporation or ·citizen of any other place* EMPLOYED *in said city.*"

Counsel differ in argument about the meaning to be given to the word employed; it being contended for appellants that it was intended to be used and understood, in its application to personal property of non-residents, as a substitute for, and in the sense of, "having an actual situs." On the other hand, it is argued it was intended to apply to capital or personal property of such persons that may be used or employed to accomplish some purpose, as contradistinguished to being stored or deposited. But it seems to us not necessary in this case to determine in what sense the word was used and intended by the Legislature to be understood. For the whisky that was unsold and still the property of W. A. Gaines & Co. on the tenth day of January of the years 1884 and 1885, was clearly liable to the tax imposed, and we are unable to perceive upon what ground the lower court perpetuated the injunction as to it. The situs of it was in the city of Frankfort, the owners of it, or at least one member of the firm, were residents, and it was as much liable to city taxation as any other personal property within the corporate limits.

But W. A. Gaines & Co. are not responsible for taxes upon that portion which the evidence shows had been sold and was no longer owned by the firm

when it was assessed as their property, although still in their bonded warehouses. It is true this court, in the case of Commonwealth v. Gaines & Co., 80 Ky., 489, held that whisky in the possession of distillers belonging to non-residents of the State, or other persons whose names are unknown to the assessing officer, was properly assessed against the distillers having the possession. But it was so held because it was expressly provided by section 4, article 4, and section 11, article 5, chapter 92, General Statutes, that the person owning or possessing estate taxable for State revenue, should list it with the assessor, and remain bound for the tax, notwithstanding he may have sold or parted with it.

There is no authority given by the city charter to the Board of Councilmen, to authorize property to be listed by, or taxes to be collected from, any other person than the owner, much less to levy upon the property of another to pay taxes due from such owner. And as all the power in reference to taxation for municipal purposes which the Board of Councilmen possesses is to be found in the city charter, and not elsewhere, it seems to us the right to assess the whisky in question, or that portion already sold, against W. A. Gaines & Co., and to enforce the collection of taxes thereon from them, does not exist.

In our opinion, therefore, the lower court properly enjoined the collection from appellees of so much of the taxes as were assessed against them on the whisky they did not own, but erred as to that which they had not sold; and the judgment is reversed for further proceedings consistent with this opinion.